IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARYL A. ROYSTER,
     Plaintiff,

vs.                             Case No:  3:06cv357/RV/EMT

MIKE ROGERS and
SECRETARY OF HOUSING AND URBAN
DEVELOPMENT,
     Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed a civil rights complaint under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 (Doc. 1). He has also filed a motion to proceed in forma pauperis (Doc. 2). Leave to proceed in forma pauperis will be granted for the purpose of this report and recommendation.[1] Upon review of the complaint, the court concludes that Plaintiff's claims are frivolous, and dismissal is therefore warranted.

Plaintiff is a regular litigant in this court.[2]  In the instant complaint, he names two Defendants: Mike Rogers, Executive Director of the local Area Housing Commission (AHC), and the unidentified Secretary of the federal Housing and Urban Development (HUD) agency (Doc. 1 at 1, 2). Plaintiff's factual allegations are as follows. Mike Rogers is moving approximately thirty-

---

[1]The court notes that the allegations in the affidavit of indigency are, as in many of the cases Plaintiff files, incomplete or inaccurate. For example, he identifies a credit union where he has an account, but he has not answered the question pertaining to the amount of cash in the account, and he also failed to answer the question regarding monthly rent on his home or apartment (*see* Doc. 2 at 2, 3).

[2]This is the thirteenth case Plaintiff has filed in this court in the past three years. The court has allowed Plaintiff to proceed in forma pauperis in each of his cases. To date, seven of Plaintiff's cases have been dismissed for failure to state a claim, one has been dismissed as frivolous, three have been dismissed for Plaintiff's failure to prosecute and failure to comply with orders of the court. Plaintiff's remaining case is still pending.

five (35) families, including poor, elderly, and disabled people, from Morris Court, a low income housing development, without accommodating their needs (Doc. 1 at 3). The AHC is intending to replace Morris Court with a $12 million upscale housing development (*id.*). Additionally, some of the residents of Morris Court have been living there for more than five years and may have developed diseases caused by exposure to lead and asbestos (*id.*). Plaintiff alleges that the Secretary of HUD failed to establish procedures to eliminate lead-based paint and asbestos from low income housing developments in Pensacola and the State of Florida (*id.*).

Plaintiff claims that Defendants' conduct violates the Fourteenth Amendment, the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and 42 U.S.C. § 4846 (the Lead-Based Paint Poisoning Protection Act of 1971 (LPPPA)). As relief, Plaintiff seeks an injunction enjoining the AHC from building the upscale housing development for "rich people" and requiring the AHC to build it for the poor, elderly, and disabled (Doc. 1 at 4). He also seeks an injunction requiring every family in Morris Court to be tested by a physician to determine if they have contracted a disease caused by exposure to lead and asbestos (*id.*). Additionally, he seeks monetary damages to compensate the residents of Morris Court for future medical expenses (*id.*).

Becasue Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no

Case 3:06-cv-00357-RV-EMT   Document 4   Filed 08/24/2006   Page 3 of 4

set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 923 (11th Cir. 1997).

In the instant case, Plaintiff does not have standing to bring his claims. In order to maintain standing, Plaintiff must show "(1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." Cuban American Bar Ass'n v. Christopher, 43 F.3d 1412 (11th Cir. 1995) (citing Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994)); *accord* Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S. Ct. 752, 758, 70 L. Ed. 2d 700 (1982). In addition, with respect to the actual or threatened injury, Plaintiff generally must assert that his own legal rights or interests have been injured as opposed to those of third parties. Harris, 20 F.3d at 1121 (citing Saladin v. City of Milledgeville, 812 F.2d 687, 690 (11th Cir. 1987)). In limited instances, a litigant may present a third party claim when three criteria are met:

> the litigant must have suffered an "injury-in-fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.

Harris, 20 F.3d at 1122 (quoting Powers v. Ohio, 499 U.S. 400, 409-12, 111 S. Ct. 1364, 1370-71, 113 L. Ed. 2d 411 (1991)).

In the instant case, Plaintiff does not allege an "injury-in-fact," as he does not allege that he currently lives or ever lived at Morris Court. Furthermore, he does not allege a close relation to the residents of Morris Court, or that there is a hindrance to the residents of Morris Court pursuing their own interests. Therefore, Plaintiff lacks standing to present a third party claim.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida this 24th day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).